[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Miklos A. Buchelt, age 50, and the defendant, Donna M. Buchelt, age 49, whose maiden name was Donna Marie Scarpelli, were married in Torrington, Connecticut on July 5, 1969. There are no minor children issue of the marriage although the parties have a daughter, age 22 and a son, age 19. The plaintiff has brought this action claiming a CT Page 6723 dissolution of marriage on the grounds of irretrievable breakdown and the defendant has counterclaimed on the same grounds.
Both parties agree that the marriage has broken down irretrievably. Mr. Buchelt believes that the cause of the breakdown was sexual incompatibility, lack of financial help from his wife, different sleeping habits and socialability differences. Mrs. Buchelt is more outgoing than her husband who dislikes social gatherings primarily due to severe hearing problems. The defendant blames her husband for failing to help around the home, his refusal to socialize and to participate in counselling. It is apparent that Mrs. Buchelt did not anticipate or want the divorce which has been brought by her husband, but now agrees that the marriage is over.
In view of the majority status of the children, who reside with their mother in the family home at 85 Apter Drive in Torrington, the issue before the court concerns property and financial awards. The plaintiff is employed at Howmet Corporation as a manufacturer's support technician earning approximately $34,500.00 per year while the defendant works as a prep cook at Scarpellis' Drive-In earning approximately $13,250.00 per year. The husband shows a weekly net of $476.88, but his income tax withholding is excessive, and the wife shows a net of $201.46 per week. Mr. Buchelt has a savings plan in the amount of $1,109.00 as well as a company pension plan and profit sharing of $25,609.00. There are two automobiles, a 1989 Nissan valued at $10,000.00 with a loan balance of $11,468.00 on which the plaintiff pays $98.00 per week. This vehicle, owned by the plaintiff is used by the wife and is considered her car. The plaintiff drives an Oldsmobile Firenza, owned by the defendant, which is free and clear of any loan.
The major asset of the parties is the jointly owned family home located at 85 Apter Drive in Torrington. An appraisal of the property as of October 5, 1990 valued the real estate at $210,000.00. Due to the declining real estate market this property is presently worth no more than $200,000.00. It is free and clear due to various real estate transactions.
Prior to the marriage, the defendant purchased a two family home for $16,000.00 and thereafter the parties bought a second home on Birchwood Drive for $34,923.00. The first property was sold for $38,000.00 on October 1, 1980 netting Mrs. Buchelt $29,466.44 and the Birchwood property was sold on September 22, 1980 for $60,700.00 netting the parties $46,364.35. They purchased the Apter Drive home on October 27, 1980 for $75,000.00 less a $3,000.00 debt owed to the defendant. In addition, it will be noted that the Apter property had been listed for sale at $96,000.00 but the seller, Mary M. Scarpelli, the defendant's mother, gave a substantial reduction to her daughter. The defendant's cash contribution to the purchase was $55,648.62 — $29,466.44 plus $23,182.18 and $3,000.00. If one considers the price reduction to be only $10,000.00 that would make Mrs. Buchelt's contributions over $65,000.00 of the $75,000.00 purchase.
As indicated previously, Mr. Buchelt has a severe hearing impairment but otherwise he appears to be in good health. Mrs. Buchelt suffers from a CT Page 6724 back disorder which has required two operations. She is presently under a doctor's care and is required to wear a brace for another two weeks and then begins physical therapy. As a result of her back disability, the defendant has a limited earning capacity, being restricted to working only twenty-five hours a week.
Taking all factors into consideration, the court finds that the marriage has broken down irretrievably and enters the following orders:
1. The plaintiff shall pay to the defendant weekly alimony in the amount of $100.00 per week until July 1, 2007 and thereafter alimony of $50.00 per week.
2. The plaintiff shall transfer to the defendant title to a 1989 Nissan Maxima automobile and he shall continue to pay the running balance on the loan on said car to Chrysler Credit Co.
3. The defendant shall transfer to the plaintiff title to the Oldsmobile Firenza automobile.
4. The plaintiff shall maintain the defendant on his health insurance policy for the maximum statutory period of thirty-six months.
5. The plaintiff shall transfer to the defendant, all his right, title and interest in the real property located at 85 Apter Drive, Torrington, together with the personal property therein with the exception of any workman's tools. The defendant shall be responsible for the monthly mortgage payments, taxes and insurance and shall indemnify and hold the plaintiff harmless from any and all claims or causes of action associated therewith.
6. The defendant shall grant to the plaintiff a mortgage on the 85 Apter Drive, Torrington, property in the amount of $40,000.00 payable on or before July 1, 1996, and in the event of default interest at the rate of ten (10%) percent and the costs of collection.
7. The plaintiff shall pay to the defendant counsel fees in the amount of $1,200.00, payable at the rate of $100.00 per month commencing August, 1992.
Judgment may enter accordingly, dissolving the marriage.
PICKETT, J. CT Page 6725